FILED
SUPERIOR COURT
OF GUAM

2014 JUL 10 PH 5:02

CLERK OF COURT
BY: _____ 0 _____

# IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

JOHN EDWARD KINSEY III,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CM 0009-14

DECISION AND ORDER ON
MOTION FOR CIVIL COMPROMISE

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on July 8, 2014 on Defendant's Motion for Civil Compromise. Assistant Public Defender Terrance A. Long represents Defendant and Assistant Attorney General Christopher R. Odoca represents the Government. For the reasons set forth below, the Court grants the Motion.

## DISCUSSION

Per the Magistrate's Complaint filed on January 3, 2014, Defendant is charged with criminal mischief as a misdemeanor pursuant to 9 GCA §§ 34.50(c) and 34.60(c), such that he is alleged to have "intentionally damage[d] the property of another." The charges stem from an incident on May 11, 2013 in which Defendant allegedly broke his neighbor's window.

On May 7, 2014, Defendant filed his Motion along with a signed and notarized Affidavit from the victim. The victim asserts that he does not want to testify against Defendant, wants the

ORIGINAL

Government to dismiss the case, and has "received adequate compensation for the property damage caused by defendant and seek[s] no further restitution." Defendant accordingly argues that dismissal is appropriate pursuant to 8 GCA § 80.90 because the victim and Defendant "have resolved their differences to [the victim's] satisfaction and a settlement has been reached between them."

On July 2, 2014, the Government filed an Opposition. Pursuant to 8 GCA § 80.90, the Government asserts that "the injury to the public would not be fully vindicated until the Defendant is punished and rehabilitated through the workings of the criminal justice system." The Government further contends that "it is unclear whether the victim 'has received satisfaction for the injury'" pursuant to § 80.90 as "Defendant fails to specifically articulate how the victim has received satisfaction for his injury in relation to the charge."

On July 8, 2014, the Court heard oral argument and took the matter under advisement.

Section 80.90 of Title 8 provides:

> (a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.
>
> (b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.
>
> (c) A dismissal under this Section is a bar to another prosecution for the same offense.

Section 80.90 is based on California Penal Code §§ 1377-78. "California case law is persuasive when there is no compelling reason to deviate from California's interpretation." Zurich Ins., Inc. v. Santos, 2007 Guam 23, ¶ 7 (citing People v. Hall, 2004 Guam 12, ¶ 18). "Civil compromises under section 1377 are permitted to promote the 'public interest by checking rather than encouraging criminal prosecutions of cases which are in reality of a private rather than public nature, although they are technically labeled as public offenses.'" People v. Tischman, 35 Cal.App.4th 174, 178 (1995) (quoting People v. Stephen, 182 Cal.App.3d Supp.

14, 19–20 (1986)). Factors to consider when determining whether to dismiss a misdemeanor criminal charge under a civil compromise statute include the seriousness of the offense and the resultant injury, whether the civil injury is coextensive with the criminal violation, whether the injury to the public is fully vindicated by a private settlement, and whether the settlement by the victim is a completely voluntary one. People v. Moulton, 131 Cal.App.3d Supp. 10, 22-23 (1982). Satisfaction for the injury is achieved when "the victim has in actuality received recompense acceptable to him for his injury, not that the victim has received every recovery possible under civil law or everything the victim believed he would be entitled to civilly." People v. Stephen, 182 Cal.App.3d Supp. at 25-26 (rejecting Government's contention "that unless the victim acknowledges that he has received 'complete' compensation for the injury the court abuses its discretion in granting a civil compromise"). Notably, the law of dismissal on account of civil compromise is unsettled, and the California Court of Appeal has lamented that it was "not the first [court] to try without success to reconcile [civil compromise] cases." People v. Tischman, 35 Cal.App.4th at 178-79 (collecting the "odd mix of cases").

Since § 80.90(b) neither defines satisfaction nor explicitly authorizes waiver or partial waiver of satisfaction, the Court must determine the meaning of satisfaction. Statutory interpretation is a legal question and the inquiry always begins with the language of the statute. Data Mgmt. Res., LLC v. Office of Pub. Accountability, 2013 Guam 27, ¶ 17 (citing Guerrero v. Santo Thomas, 2010 Guam 11, ¶ 8). A statute's plain meaning prevails absent clear legislative intent to the contrary, but the Court need not follow the plain language of a statute "where the result would lead to absurd or impractical consequences, untenable distinctions, or unreasonable results." Sumitomo Const., Co. v. Guam, 2001 Guam 23, ¶ 17. The Court concludes that it would be an absurd result to require the victim to receive complete satisfaction and to reject any lesser proposed satisfaction. It would likewise be absurd to require the victim to receive token satisfaction in lieu of a waiver of satisfaction or in lieu of non-monetary satisfaction. The Court recognizes that acceptable satisfaction may take different forms based on, for example, the crime(s) charged, damage inflicted, and relationship between victim and accused. The Court therefore declines to adopt a rigid approach and concludes that assessing satisfaction necessarily is a fact-intensive inquiry.

Here, the Court accepts the victim's Affidavit as completely voluntary and accepts the victim's assertion that he seeks dismissal of the instant action. The Court further recognizes that

a civil remedy is available for one to recover for property damage. Moreover, the Magistrate's Complaint, victim's Affidavit, and criminal mischief statute indicate that the offense in question was of minimal severity because it occurred between acquaintances who were "drinking together" on the night of the incident, did not involve harm to a person, was isolated with respect to its scope and damage caused, and was not against the public order. See 9 GCA § 34.50(c) (A person commits criminal mischief if [. . .] he intentionally damages the property of another[.]"). Although the victim does not detail the "adequate compensation" he received from Defendant for the property damage, the Court is satisfied from the victim's Affidavit that he indeed received adequate compensation for the broken window and "seek[s] no further restitution." The Court has no basis to question the victim's sworn statement and, as discussed above, the Court will not adopt a rigid approach to assessing satisfaction—particularly where, as here, the offense and resulting damage are minor. The Court, therefore, grants Defendant's Motion.

## CONCLUSION

In light of the foregoing, the Court GRANTS Defendant's Motion for Civil Compromise. The case is hereby dismissed with prejudice.

**IT IS SO ORDERED** this day of August 18, 2014.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

